MITTNACHT v. SONNTAG (two cases).

(Supreme Court, Appellate Division, Second Department.　December 3, 1915.)

1. LANDLORD AND TENANT ⬥⟹200—BONUS—LIABILITY OF TENANT—AMOUNT.
　　Where a lease carrying a $1,000 yearly bonus, payable on November 1st, ran from May 1st to May 1st, a payment of $1,000 in November, 1910, was in full of the bonus from May 1, 1910, to May 1, 1911, and the lessee, vacating on June 1, 1911, was liable only for one month's bonus, one-twelfth of $1,000, or $83.33, and was not liable for seven months' bonus from November, 1910, the time of payment, to June 1st, the time of vacation.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. ⬥⟹200.]

2. COSTS ⬥⟹238—REDUCTION OF VERDICT—STATUTE.
　　The acceptance by plaintiff of a reduction of verdict, stipulated by the court on appeal as a condition to affirmance, may entail loss of any costs to him under Code Civ. Proc. § 3228, regulating when plaintiff is entitled to costs of course.

　　[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. ⬥⟹238.]

Appeal from Trial Term, Westchester County.

Actions by Jacob A. Mittnacht, Jr., against John A. Sonntag. Judgments for plaintiff. From them, and two orders denying his motions for new trial, defendant appeals. Judgment and order in one action reversed, and new trial granted, unless plaintiff stipulates to reduce the verdict, but affirmed in the second action.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Jacob Rouss, of New York City, for appellant.

Elwood C. Smith, of Monroe, for respondent.

PER CURIAM.　[1] The first action is for—

Rent of hotel for February, March, April and May, 1911.............$400.00
Seven-twelfths of $1,000 bonus on lease from November 1 to June 1,
　1911 ...........................................................　583.33
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$983.33
Credit by payment, February 7, 1912...............................　200.00
　　Total claim....................................................$783.33

The seven-twelfths of the bonus was an error, as it was bonus on a lease that ran from May 1st to May 1st, but was payable on each November 1st during the term of the lease.　Hence, when the $1,000 was paid in November, 1910, it was in full of the bonus on the lease from May 1, 1910, to May 1, 1911.　A new year began May 1, 1911, and one month of it had expired on June 1st.　Hence plaintiff was entitled to but one-twelfth of $1,000—that is, $83.33—and four months' rent, $400, on which was paid $200 February 7th, leaving balance of $283.33, with interest.

[2] The judgment and order should be reversed, and a new trial granted, costs to abide the event, unless within 20 days plaintiff stip-

ulates to reduce the verdict in accordance with this memorandum, and in which event the judgment is affirmed, without costs to either party. If this reduction be accepted, it may entail loss of any costs to the plaintiff. See section 3228 of the Code of Civil Procedure.

The verdict in the second action is supported by the evidence, and the judgment and order should be affirmed, with costs.